UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEF HOLDINGS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> C AND H PAVING, INC. AND BENJAMIN CRANFORD, JR., <br><br> Defendants. | Civil Action No.: <br><br><br> July 21, 2023 |

## COMPLAINT

Plaintiff NEF Holdings, LLC ("NEF Holdings"), by and through its undersigned counsel, and for their Complaint against Defendant C and H Paving, LLC ("C&H Paving") and Benjamin Cranford, Jr. ("Cranford")(collectively, "Defendants") allege, upon knowledge as to themselves and their own acts, and as to all other matters, upon information and belief, as follows:

## NATURE OF THIS ACTION

1. This is a commercial collection action in which Plaintiff seeks to recover all delinquent amounts that are due and unpaid from Defendants with respect to C&H Paving's lease of twenty-three (23) pieces of heavy equipment from Plaintiff. More specifically, Defendant C&H Paving entered into a master lease agreement with NEFPASS, LLC ("NEFPASS"), an affiliate of Plaintiff. Defendant Cranford is the president of Defendant C&H Paving and he unconditionally guaranteed the obligations of C&H Paving under the master lease agreement between it and NEFPASS. NEFPASS later assigned this master lease agreement and guaranty to Plaintiff.

2. Defendant C&H Paving has failed to meet its obligations under such agreement, including its obligation to make the payments due thereunder, and defaulted. Defendant Cranford has failed to fulfill the obligations under his guaranty, including his obligation to make the payments due from Defendant C&H Paving to Plaintiff, and he has also defaulted.

3. Plaintiff has recovered and liquidated the leased equipment, and now seeks damages as provided in the agreement for Defendant C&H Paving's default and Defendant Cranford's guaranty of the payment of such damages.

4. Based on Defendants' defaults, Plaintiff brings this action for breach of contract to recover all amounts due and owing with respect to the agreements and associated schedules of equipment and guaranty after giving the Defendants full credit for the proceeds from the auction sale of the equipment (less the costs associated with the sale) as described more fully below.

## PARTIES

5. Plaintiff NEF Holdings is a limited liability company, organized and existing under the laws of the State of Delaware with its principal place of business at 40 Danbury Road, Wilton, Connecticut 06897. The members of NEF Holdings are NEFCORP LLC ("NEFCORP") and NEFPASS, LLC ("NEFPASS"), both of which are organized and existing under the laws of the State of Delaware and have their principal place of business at 40 Danbury Road, Wilton, Connecticut 06897. NEFCORP and NEFPASS are wholly-owned subsidiaries of SLR Investment Corp. ("SLRC"). SLRC is organized and existing under the laws of the State of Maryland and has its principal place of business at 500 Park Avenue, 3rd Floor, New York, New York.

6. Defendant C&H Paving is corporation, organized and existing under the laws of the State of Georgia with its principal place of business at 204 Main Street, Thomson, GA 30824.

7. Defendant Cranford is an individual residing in the State of Georgia and residing at 204 Main Street, PO Box 1809, Thomson, GA, 30824.

## JURISDICTION AND VENUE

8. Pursuant to 28 U.S.C. § 1332(a)(2), this Court has jurisdiction of this matter under diversity of citizenship jurisdiction because NEF Holdings is a citizen of Maryland and New York while Defendants C&H Paving and Cranford, on the other hand, are citizens of the State of Georgia, and because Plaintiff seeks damages in excess of $75,000.00.

9. The Defendants have contractually agreed to, and consented to, the jurisdiction of this Court as set forth in Paragraph 18 of the Master Lease Agreement (as defined below) and in Paragraph 7 of the Master Lease Guaranty (as defined below).

10. Pursuant to 28 U.S.C. § 1391(b)(3), venue is proper in this district because the Defendants have consented to this Court's jurisdiction.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

**A. The Master Lease Agreement and the Master Lease Guaranty**

11. On December 19, 2018, NEFPASS and C&H Paving entered into that certain Master Lease Agreement (the "Master Lease Agreement"), pursuant to which NEFPASS would lease certain equipment to C&H Paving in exchange for periodic payments.

12. A true and correct copy of the Master Lease Agreement is attached hereto as **Exhibit A**.

13. Pursuant to the terms of the Master Lease Agreement, C&H Paving leased equipment from NEFPASS with a total invoice cost of $4,678,387.00 as further detailed herein.

14. Defendant Cranford executed the Master Lease Agreement and related documents in his capacity as President of C&H Paving.

15. On December 19, 2018, NEFPASS and Defendant Cranford entered into that certain Master Lease Guaranty (the "Master Lease Guaranty"), pursuant to which Cranford agreed to unconditionally guarantee all amounts owed by C&H Paving under the Master Lease Agreement.

16. A true and correct copy of Defendant Cranford's Master Lease Guaranty is attached hereto as **Exhibit B**.

B. **Lease of Equipment Schedule CHPFIN-0001**

17. On December 26, 2018, NEFPASS and Defendant C&H Paving entered into an agreement with respect to Equipment Schedule CHPFIN-0001, pursuant to which C&H Paving leased nine (9) specifically identified pieces of equipment to C&H Paving.

18. The Total Invoice Cost of the equipment on Equipment Schedule CHPFIN-0001was $3,392,928..

19. Equipment Schedule CHPFIN-0001 required Defendant C&H Paving to make monthly payments of $65,224.85 and a final balloon payment of $565,224.85.

20. A true and correct copy of Equipment Schedule CHPFIN-0001 and the Schedule of Equipment associated therewith is attached hereto as **Exhibit C**.

### C. Lease of Equipment Schedule CHPFIN-0002

21. On January 29, 2019, NEFPASS and Defendant C&H Paving entered into an agreement with respect to Equipment Schedule CHPFIN-0002, pursuant to which C&H Paving leased three (3) specifically identified pieces of equipment to C&H Paving.

22. The Total Invoice Cost of the equipment on Equipment Schedule CHPFIN-0002 was $92,000.00.

23. The schedule required monthly payments from C&H Paving of $1,768.59 and a final balloon payment of $15,325.69.

24. A true and correct copy of Equipment Schedule CHP-0002 and the Schedule of Equipment associated therewith is attached hereto as **Exhibit D**.

### D. Lease of Equipment Schedule CHPFIN-0003

25. On June 25, 2019, NEFPASS and Defendant C&H Paving entered into an agreement with respect to Equipment Schedule CHP-0003, pursuant to which C&H Paving leased fourteen (14) specifically identified pieces of equipment to C&H Paving.

26. The Total Invoice Cost of the equipment on Equipment Schedule CHP-0003 was $834,640.00.

27. Equipment Schedule CHP-0003 required monthly payments from C&H Paving of $17,587.08.

28. A true and correct copy of Equipment Schedule CHP-0003 and the Schedule of Equipment associated therewith is attached hereto as **Exhibit E**.

### E. Lease of Equipment Schedule CHPFIN-0004

29. On October 15, 2019, NEFPASS and Defendant C&H Paving entered into an agreement with respect to Equipment Schedule CHP-0004, pursuant to which C&H Paving leased one specifically identified piece of equipment to C&H Paving.

30. The Total Invoice Cost of the equipment on Equipment Schedule CHP-0004 was $358,719.00.

31. Equipment Schedule CHP-0004 required monthly payments from C&H Paving of $7,865.73.

32. A true and correct copy of Equipment Schedule CHP-0004 and the Schedule of Equipment associated therewith is attached hereto as **Exhibit F**.

33. The Master Lease Agreement, the Master Lease Guaranty, Equipment Schedule CHP-0001, Equipment Schedule CHP-0002, Equipment Scheduled CHP-0003, Equipment Schedule CHP-0004, and all related schedules and ancillary documents are hereafter collectively referred to as the "Lease Documents".

### F. NEFPASS's Sale and Assignment of the Lease Documents

34. NEFPASS assigned all of its rights, title and interest under the Lease Documents to Plaintiff pursuant to that certain Assignment of Lease Documents dated December 30, 2021.

### G. Defendants' Default under the Master Lease Agreement and the Master Lease Guaranty

35. On or about October 4, 2021, Defendant C&H Paving defaulted upon its obligations under the Master Lease Agreement by, among other failures, failing to make payments due and owing under the Master Lease Agreement, despite demand from NEFPASS and Plaintiff.

36. Defendant Cranford defaulted upon his obligations under the Master Lease Guaranty by, among other failures, failing to make payments due and owing under the Master Lease Guaranty by Defendant C&H Paving, despite demand from NEFPASS and Plaintiff.

37. As of on or about November 1, 2021, Defendant C&H Paving owed NEFPASS past due rents of $178,954.00, late fees of $6,728.78, and default interest in the amount of $108,429.79.

38. Defendant Cranford is personally responsible for paying the amounts owed by C&H Paving to Plaintiff.

39. Pursuant to Sections 16(a)(7) and 16(b) of the Master Lease Agreement, Defendants are responsible for liquidated damages in the approximate amount of $3,079,666.62, calculated as of November 1, 2021.

40. Pursuant to the agreements, Defendants are also responsible for "Enforcement Costs," including but not limited to reasonable attorneys' fees, which continue to accrue.

41. Plaintiff terminated C&H Paving's rights to the equipment identified in Exhibits C, D, E, and F (collectively the "Specified Equipment") and demanded the return of the Specified Equipment to Plaintiff.

42. On March 30, 2022, the Plaintiff and the Defendant entered into that certain Voluntary Surrender Agreement (the "VSA") pursuant to which the Defendant agreed to voluntarily surrender all twenty-three (23) pieces of leased equipment.

43. In accordance with the VSA, the Plaintiff retained Ritchie Brothers Auctioneers (America) Inc. ("Ritchie Bros.") for the purpose of selling the Specified Equipment at auction.

44. From May 4, 2022 through August 21, 2022, the Defendant delivered the Specified Equipment to Plaintiff.

45. Thereafter, Ritchie Bros. advertised the Specified Equipment and then sold it in a commercially reasonable manner via live and online auction.

46. The Specified Equipment was sold for a gross sum of $2,051,500.00 (the "Sales Price"). After deducting the costs of sale incurred by Plaintiff in the amount of $229,125.00 from the Sales Price, the Defendants are entitled to a credit in the amount of $1,822,375.00 (the "Sales Credit") for the disposition proceeds with respect to amounts due and owing to Plaintiff pursuant to the Master Lease Agreement and Master Lease Guaranty.

47. As of July 14, 2023, the total debt due and owing to Plaintiff (exclusive of Enforcement Costs) was $1,905,505.93, plus interest which continues to accrue. Enforcement Costs through July 14, 2023 are $19,260.50, which continue to accrue.

48. After applying the Sales Credit to the indebtedness in accordance with the Master Lease Agreement, the deficiency amount due and owing to Plaintiff is no less than $1,924,766.43.

## COUNT ONE

### (BREACH OF CONTRACT)

1.-48. Paragraphs 1 through 48 are reasserted and realleged as Paragraphs 1 through 48 of this Count One.

49. Pursuant to the Lease Documents, including but not limited to, the Master Lease Agreement, Master Lease Guaranty, and the four equipment schedule agreements, Defendants promised to make payments in exchange for leasing of the Specified Equipment.

50. The Lease Documents, including but not limited to, the Master Lease Agreement, Master Lease Guaranty, and the four equipment schedule agreements are valid contracts.

51. Defendants breached their obligations under the Master Lease Agreement, Master Lease Guaranty, and the four equipment schedule agreements by, among other failures, failing to pay amounts due thereunder.

52. After application of the Sales Credit, the Plaintiff has been damaged in an amount of no less than $1,924,766.43 as of July 14, 2023.

WHEREFORE, Plaintiff respectfully prays that this Court:

a) Enter final judgment in Plaintiff's favor;

b) Award damages of at least $1,924,766.43 plus all applicable interest, all contractual Enforcement Costs, and all expenses of litigation; and

c) Provide such other and further relied as this Court deems proper.

Dated: July 21, 2023

THE PLAINTIFF
NEF HOLDINGS, LLC

*/s/Timothy G. Ronan* _____
Timothy G. Ronan (TR7693)
Kristin B. Mayhew (KM9794)
Pullman & Comley, LLC
850 Main Street, P.O. Box 7006
Bridgeport, CT 06601-7006
Telephone (203) 330-2000
Facsimile (203) 576-8888
tronan@pullcom.com
kmayhew@pullcom.com

*Attorneys for Plaintiff*

ACTIVE/81698.7/KMAYHEW/11183922v1